IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER A. M., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-cv-00417-SH |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On the merits of this appeal, Plaintiff received a successful result, as the Court reversed and remanded for further consideration. (ECF No. 16.) However, the issue on which the Court ultimately reversed—sufficiency of the number of remaining nonconflicting jobs at step five to show harmless error—is one that is the subject of great debate in this Circuit. (*Id.* at 10-12.) Under the EAJA, a fee award is required if—among other things—the position of the United States was not substantially justified. *Hackett v. Barnhart,* 475 F.3d 1166, 1172 (10th Cir. 2007). In these circumstances, a substantially justified harmless error argument is sufficient to cure an otherwise unreasonable agency action for EAJA purposes. *Evans v. Colvin,* 640 F. App'x 731, 733 (10th Cir. 2016).[1]

In another recent matter, this Court has specifically looked at whether the Commissioner was justified in making the same (unsuccessful) harmless error argument

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

it made in this case. *See Justin M. D. v. Kijakazi,* No. 21-CV-00347-SH, 2023 WL 396098, at *3-5 (N.D. Okla. Jan. 25, 2023). The Court will not repeat that detailed analysis here. In any event, the Court found the Commissioner's position on harmless error was substantially justified. Plaintiff has provided no authorities indicating the legal landscape has changed in the intervening months, nor has he provided any argument distinguishing this case from *Justin M.D.* or indicating that decision was wrong.² The Court denies Plaintiff's motion for the reasons stated in *Justin M.D.*

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act* (ECF No. 18) is DENIED.

ORDERED this 31st day of August, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

² In fact, Plaintiff appears to "conflate[] the district court's merits analysis and its fee analysis," *Davis v. Comm'r of Soc. Sec.,* No. 21-3148, 2022 WL 1763389, at *3 (10th Cir. June 1, 2022) (unpublished), emphasizing that the "Magistrate Judge in the case at bar specifically declined to apply harmless error, finding the ALJ's step-five findings amounted to reversible error" (ECF No. 21 at 5). This ignores *Evans*' recognition that an exception to the general rule that EAJA fees should be awarded where the Commissioner's underlying actions were unreasonable—even when the government advances a reasonable position in litigation—includes "when the Commissioner reasonably (<u>even if unsuccessfully</u>) argues in litigation that the ALJ's errors were harmless." *Evans,* 640 F. App'x at 733 (emphasis added); *see also Davis,* 2022 WL 1763389, at *2 (finding no error in district court's EAJA conclusion where, at "the EAJA stage, the court found the Commissioner's position to be substantially justified, not because the ALJ's error was harmless, but because it was not unreasonable to argue that it was harmless").